```
 1  DENNIS M. GRADY, ESQ. Bar No. 118461
    GRADY AND ASSOCIATES
 2  3517 Camino Del Rio South, Suite 400
    San Diego, California  92108
 3  Telephone:  (619) 528-2530
    gradyfedonly@msn.com
 4

 5  Attorneys for Plaintiff, ELSA MANULID

 6

 7

 8                  UNITED STATES DISTRICT COURT

 9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  ELSA MANULID,                    ) Case No. 11CV0804-MMA-WMC
                                     )
12              Plaintiff,           )
                                     ) FIRST AMENDED COMPLAINT FOR
13  vs.                              ) VIOLATION OF THE FAMILY AND MEDICAL
                                     ) LEAVE ACT
14  SYCUAN CASINO & RESORT, an       )
    entity; SYCUAN BAND OF THE       )
15  KUMEYAAY NATION, an entity;      ) JURY TRIAL DEMANDED
    and DOES 1-30, inclusive.        )
16                                   ) Judge: Hon. Michael M. Anello
                Defendants.          ) Courtroom: 5
17  _____)
```

Plaintiff complains and alleges as follows:

**JURISDICTION**

1. Pursuant to 28 U.S.C. Section 1331, the federal district courts have original jurisdiction over this action which arises under the Family and Medical Leave Act (hereinafter, "FMLA"), 29 U.S.C. Section 2601, et seq.

**VENUE**

2. Pursuant to 28 U.S.C. Section 1391, venue is proper because the events or omissions giving rise to Plaintiff's claims occurred in the above-captioned judicial district.

///

## PARTIES

3. Plaintiff ELSA MANULID (hereinafter "Plaintiff") is, and at all relevant times was, a resident of the State of California, County of San Diego.

4. Plaintiff is informed and believes and thereby alleges that Defendant SYCUAN CASINO & RESORT is, and at all relevant times was, an entity of type unknown, organized and existing under and by virtue of the laws of a state unknown, with a principal place of business in the State of California, County of San Diego.

5. Plaintiff is informed and believes and thereby alleges that Defendant SYCUAN BAND OF THE KUMEYAAY NATION is, and at all relevant times was, an entity of type unknown, organized and existing under and by virtue of the laws of a state unknown, with a principal place of business in the State of California, County of San Diego.

6. The entity defendants identified above are collectively referred to herein as "SYCUAN".

7. The true names and capacities of the Defendants named herein as DOES 1 through 15, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff is informed and believes that the DOE Defendants are California residents. Plaintiff will amend this Complaint to show such true names and capacities when they have been determined.

8. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants herein was, at all relevant times, the agent, employee or representative of the remaining Defendants and was acting, at least in part, within the scope of

Case 3:11-cv-00804-MMA-WMC   Document 3   Filed 06/14/11   PageID.17   Page 3 of 6

1 | such relationship.

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff worked for SYCUAN for eight (8) years as a cashier. On or about April 6, 2008, as Plaintiff was sitting down at her desk, her chair rolled back, and she hit the back of her head on an open drawer.

10. Despite being in an incredible amount of pain, Plaintiff went to work the next day on April 7, 2008. Shortly after Plaintiff got to work, Plaintiff was told to go home. SYCUAN'S policy violations are tracked on a point-based system. An employee who earns fifteen (15) points will be terminated. Plaintiff was given two (2) points for leaving early, even though her supervisor told her to leave.

11. On or about April 8, 2008, Plaintiff visited SYCUAN's Medical/Dental Center for her injury and met with a Dr. Weiss. During this visit, Plaintiff relayed the fact that she had injured her head and neck. Much to her surprise, Weiss placed his finger in Plaintiff'S rectum during her medical exam and then he immediately left the room.

12. After waiting for awhile in the room, Plaintiff left the exam room and found a medical assistant. When Plaintiff asked the assistant why she was given a rectal exam, the assistant claimed that Weiss was confused about the nature of her injury and that he had left the office. Later that same week, Plaintiff wrote a letter to Human Resources informing them of how she was violated during her doctor's visit.

13. Plaintiff went on medical leave starting on April 8, 2008. On May 8, 2008, Plaintiff returned to work even though Plaintiff

continued to suffer from depression and heart palpitations from the trauma of her doctor's visit. In June of 2008, Plaintiff called in sick on four different occasions because of her injury and her depression. Despite the fact that she called in sick with excused absences, Plaintiff accrued eight (8) points toward being terminated.

14. It was not until May 15, 2008, about six (6) weeks after her doctor's visit, that Plaintiff received a response to the letter that she sent to Human Resources, which letter completely dismissed her claims.

15. By October of 2008, Plaintiff had fourteen (14) points accrued against her, even though these absences were excused due to her injury and depression. On or about October 9, 2008 to October 11, 2008, Plaintiff called in sick because she was suffering from heart palpitations. On or about October 15, 2008, Plaintiff returned to work with a doctor's note for her absences.

16. At about 5:00 p.m. that same day, the head of Plaintiff's department told her that she was terminated for exceeding the allowable number of points. This is a termination in direct violation of Plaintiff's medical leave rights.

17. Plaintiff continues to suffer from heart palpitations and depression as a result of her doctor's visit.

### CLAIM FOR VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT AGAINST DEFENDANTS SYCUAN, DOES 1-5 and 6-15, INCLUSIVE

18. Plaintiff hereby realleges, and incorporates by reference, each and every preceding paragraph of this Complaint.

19. Plaintiff was, at all material times, an employee covered by the FMLA requiring employers to grant leave time to employees for

the reason of the employee's or the employee's family members' serious health condition.

20. Defendants are, and at all material times were, employers within the meaning of the FMLA. Under the FMLA, it is, and was, unlawful for Defendants to discriminate or retaliate against Plaintiff for taking leave for the reason of Plaintiff's serious health condition or to interfere with the use of that leave.

21. Defendants violated the FMLA by willfully discriminating and retaliating against Plaintiff for taking leave under the FMLA in the manner described above and by interfering with her use of such leave.

22. As a proximate result of Defendants' violation of Plaintiff's rights as alleged herein, Plaintiff has suffered, and continues to suffer, substantial losses including lost earnings, bonuses, deferred compensation and other employment benefits, all to her damage in an amount according to proof.

23. Defendants' acts against Plaintiff, which violated the FMLA, were willful, and an award of liquidated damages in an amount equal to the award of monetary damages due to Plaintiff from Defendants is appropriate in this case pursuant to 29 U.S.C. section 2617.

24. As a result of Defendants' violation of the FMLA as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by the FMLA.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

**PRAYER**

**WHEREFORE**, Plaintiff requests relief as follows:

1. For damages according to proof including loss of earnings, deferred compensation and other employment benefits;

2. For interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits at the prevailing rate;

3. That Defendants, their agents, successors, employees and those acting in concert, be enjoined permanently from engaging in each of the unlawful practices, policies, usages and customs set forth herein;

4. For reinstatement of Plaintiff in the position from which she was wrongfully terminated or a comparable position in Defendants' organization and all benefits attendant thereto that would have been afforded Plaintiff but for Defendant's misconduct;

5. For liquidated damages to the extent allowed by law;

6. For punitive damages according to proof;

7. For costs of suit including reasonable attorneys' fees;

8. For such other and further relief as the Court may deem proper.

Dated: June 14, 2011     GRADY AND ASSOCIATES

By: s/Dennis M. Grady
DENNIS M. GRADY, ESQ.
Attorneys for Plaintiff,
ELSA MANULID

**REQUEST FOR JURY TRIAL**

Dated: June 14, 2011     GRADY AND ASSOCIATES

By: s/Dennis M. Grady
DENNIS M. GRADY, ESQ.
Attorneys for Plaintiff,
ELSA MANULID